IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:19-cr-222-ECM |
| | ) | [WO] |
| BRENTON TAMAR JONES | ) | |

**O R D E R**

Now pending before the Court are the United States Probation Office's ("USPO") petition for revocation of supervised release (doc. 62), amended petition for revocation of supervised release (doc. 73), and the United States and the Defendant's (the "parties") joint motion to impose judgment and waiver of final revocation hearing (doc. 81).

The Defendant is charged with five violations of the terms of his supervised release. In Violation 1, he is alleged to have violated the mandatory condition that he "must not commit another federal, state, or local crime," in that on April 18, 2025, a warrant for Discharging a Firearm into an Occupied Dwelling, in violation of Ala. Code § 13A-11-61, was issue for the Defendant's arrest in Barbour County, Alabama.  In Violation 2, he is alleged to have violated the standard condition that he "must not commit another federal, state, or local crime," in that on April 18, 2025, a warrant for Attempted Murder, in violation of Ala. Code § 13A-4-2, was issue for the Defendant's arrest in Barbour County, Alabama.  In Violation 3, he is alleged to have violated the standard condition that he "shall not possess a firearm" in that on March 16, 2025, he allegedly possessed a firearm and discharged it into an occupied apartment in Clayton, Alabama.  In Violation 4, he is alleged to have violated the standard condition that he must notify his probation officer within

seventy-two hours of being arrested or interviewed by law enforcement, in that on March 18, 2025, he was interviewed by the Clayton, Alabama police regarding the allegations detailed in Violations 1 and 2, and he failed to notify his probation officer within seventy-two hours.  In Violation 5, he is alleged to have violated the mandatory condition that he "must not commit another federal, state, or local crime," in that on April 30, 2025, he was arrested by the Barbour County, Alabama Sheriff's Office and charged with Criminal Mischief First Degree, in violation of Ala. Code § 13A-7-21.  Finally, in Violation 6, he is alleged to have violated the mandatory condition that he "must not commit another federal, state, or local crime," in that on April 30, 2025, he was arrested by the Barbour County, Alabama Sheriff's Office and charged with Attempting to Elude a Police Officer, in violation of Ala. Code § 13A-10-52.

Pursuant to the parties' agreement, the United States agrees to abandon or dismiss Violations 1, 2, and 3; the Defendant agrees to plead guilty to Violation 4; and he agrees to plead no contest to Violations 5 and 6.  The parties submit that a sentence of 15 months, with credit for the 5 months he has already spent in custody and with no period of supervision to follow, is an appropriate sentence.  The parties further represent that the Defendant "expressly waives his right to a final hearing on the Petition and Amended Petition for Revocation of Supervised Release." (Doc. 81 at 4).  By separate communication, the Defendant's supervising Probation Officer expressed no objection to the parties' agreement.

For the following reasons, the Court will accept the parties' agreement; grant the amended revocation petition (doc. 73) as set out herein; revoke the Defendant's

2

supervised release; and sentence him to 15 months' imprisonment, with no additional term of supervision to follow.

Federal Rule of Criminal Procedure 32.1 governs "revoking or modifying probation or supervised release." Under this rule, the Defendant has the right to

> (A) written notice of the alleged violation; (B) disclosure of the evidence against [him]; (C) an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear; (D) notice of [his] right to retain counsel or to request that counsel be appointed if [he] cannot obtain counsel; and (E) an opportunity to make a statement and present any information in mitigation.

FED. R. CRIM. P. 32.1(b)(2). The rule also provides that a defendant can waive a revocation hearing: "*Unless waived by the person*, the court must hold the revocation hearing within a reasonable time in the district having jurisdiction." *Id.* (emphasis added); *see also United States v. Jones*, 798 F. App'x 494, 497 (11th Cir. 2020) (per curiam) ("The Federal Rules of Criminal Procedure, which govern revocation hearings, allow a defendant to waive their right to a hearing." (citing FED. R. CRIM. P. 32.1(b)(2)). Based on a defendant's express waiver, Rule 32.1(b)(2) permits a court to enter judgment without a revocation hearing.

The Court finds that the violation is a Grade B Violation[1] under the United States Sentencing Guidelines, *see* USSG § 7B1.1(a)(2); the Defendant's criminal history category is IV; and the advisory guideline range of imprisonment is 12 to 18 months, *see* USSG § 7B1.4(a). The Court has considered the Sentencing Guidelines, the relevant 18

---

[1] Because the United States is dismissing or abandoning the violations which constitute Grade A violations (Violations 1, 2, and 3), the Court finds that the applicable violation is a Grade B violation.

3

U.S.C. § 3553(a) factors, and the parties' agreement.  Based on these considerations, the Court finds that a sentence of 15 months,[2] with no term of supervision to follow, is an appropriate sentence in this case.

Accordingly, upon consideration of the entire record, and for good cause, it is

ORDERED as follows:

1.  The parties' joint motion to impose judgment (doc. 81) is GRANTED as set out herein;

2.  USPO's amended petition for revocation of supervised release (doc. 73) is GRANTED as set out herein;

3.  USPO's petition for revocation (doc. 62) is DENIED as moot;

4.  The parties' agreement and the Defendant's express waiver of his right to a final revocation hearing are ACCEPTED;

5.  Based on the Defendant's guilty plea to Violation 4, and the Defendant's plea of no contest to Violations 5 and 6, the Court finds the Defendant guilty of violating the standard condition that he must notify his probation officer within seventy-two hours of being arrested or interviewed by law enforcement, and the mandatory condition that he "must not commit another federal, state, or local crime."

6.  The violation is a Grade B violation under the United States Sentencing Guidelines, *see* USSG § 7B1.1(a)(2); the Defendant's criminal history category is IV; and the advisory guideline range of imprisonment is 12 to 18 months, *see* USSG § 7B1.4(a).

---

[2] The Federal Bureau of Prisons, not this Court, is authorized to determine whether the Defendant should get credit for the five months he has already spent in custody.  For this reason, the Court declines to adopt this portion of the parties' agreement.

7. The Court has considered the Sentencing Guidelines, the relevant 18 U.S.C. § 3553(a) factors, and the parties' agreement. Based on these considerations, the Court finds that a sentence of fifteen months is an appropriate sentence in this case, with no term of supervision to follow;

8. The final revocation hearing set for October 30, 2025, is CANCELLED, and the parties' deadlines to submit position memoranda, exhibits, and responsive memoranda (doc. 80) are TERMINATED;

9. All pending motions are DENIED as moot.

10. Judgment will be entered separately.

DONE this 23rd day of October, 2025.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE